Nash, C. J.
 

 The testimony, rejected in this case, was properly rejected. It was perfectly immaterial, and could have no proper influence on the minds of the jury in coming to a correct conclusion.
 

 The plaintiffs derived title to the negroes in question under a bill of sale, from Jane Moore, the consideration mentioned being $500, which was secured by the note, or bond, of Need-ham Armfield, the purchaser, the plaintiffs’ intestate. The defendants offered to prove, by Jane Moore, and her sister, Elizabeth Cams, that, at the time Qf the execution of the bill of sale, a controversy had arisen between Jane Moore and the administrator of Milton Moore, as to the title to the slaves, and it was agreed, between Jane Moore, and the intestate, Arm-field, that the bond given to secure the purchase-money, should not be paid, and it was, accordingly, delivered up and destroyed. Upon objection by the plaintiffs, the testimony was ruled out. No reason is given for the ruling of the court, but the decision was correct. Though the bond was given up and destroyed, the bill of sale was not. That remained still in force, and under it the legal title was in Armfield, the intestate. It is well established that it is the duty of the court to exclude from the jury all immaterial evidence, for it has a direct tendency to confuse and mislead them. Now, whether the bond given for the purchase-money was destroyed or not, could not effect the legal claim of Armfield, who still held under the bill of sale.
 

 There was no error in rejecting the evidence.
 

 There are other objections to the testimony of Mrs. Moore, which do not apply to her sister, and which are not considered by the court.
 

 Pee CuexaM, Judgment affirmed.